IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE DAVIS, | CIVIL ACTION |
| Plaintiff, | No.2:21-cv- 1328 |
| v. | |
| LIFE CARE 2.2, LLC d/b/a EAST END BEHAVIORAL HEALTH HOSPITAL, | |
| Defendants. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Christine Davis ("Davis" or "Plaintiff"), by undersigned counsel, files this Complaint and in support alleges the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §626(c)(1), and 28 U.S.C. §§1331 and 1343(a)(4).

### II. Venue

2. Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in the Western District of Pennsylvania.

### III. Administrative Remedies

3. Davis has satisfied all procedural and administrative requirements set forth in 29 U.S.C. §626 in that:

    a.    On January 13, 2021, Davis filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination.

    b.    Plaintiff received a Notification of Right to Sue from the EEOC dated July 12, 2021.

    c.    This case was filed more than 60 days after filing of the EEOC charge and within 90 days of receipt of the Notification of Right to Sue.

## IV. Parties

4. Davis is an adult individual who resides in Allegheny County, Pennsylvania.

5. Defendant, Life Care 2.0, LLC d/b/a East End Behavioral Hospital ("Life Care" or "Defendant"), is a foreign corporation that operates a behavioral health facility in Allegheny County and has its headquarters at 15305 Dallas Parkway, Addison Texas, 75001.

6. At all times relevant hereto, Defendant is and was an employer within the meaning of 29 U.S.C. §630(b), in that it is engaged in an industry affecting interstate commerce and employs more than twenty (20) employees.

7. At all times relevant hereto, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

## V. Facts

8. Davis began employment with Respondent on or about July 5, 1994 as a registered nurse. While she held several different positions during her quarter century of employment, Plaintiff's last position was Senior Clinical Admissions Specialist.

9. As Senior Clinical Admissions Specialist, Davis was responsible for managing

1

the commitment (including commitment hearings) and admissions processes and management of patient medical releases.

10. At all relevant times, Davis performed at, or above, expectations as Senior Clinical Admissions Specialist.

11. In 2019, Katie O'Donnell (who is significantly younger than Plaintiff) became Plaintiff's new supervisor and held the position of Business Development Director.

12. Between July and October 2020, O'Donnell, hired three new employees into the department in which Plaintiff worked. These employees were Taryn Patterson, Lorrin Streepy, and Lindsey Kocis, all of whom were substantially younger than Davis.

13. By hiring Patterson, Streepy and Kocis, O'Donnell created a personnel redundancy in her department.

14. O'Donnell created the personnel redundancy in her department for the purpose of terminating Plaintiff's employment and replacing her with a younger employee.

15. Shortly after the hiring of Streepy, Life Care gave Davis the task of training Streepy to perform the job duties that Plaintiff performed, including commitment and admission processes.

16. On December 16, 2020, Life Care informed Davis that her position was being eliminated and, as a result, Life Care was terminating her employment.

17. Following the termination of Plaintiff's employment, Streepy took over the job duties that Plaintiff performed while employed by Life Care.

18. Life Care never issued any disciplinary action to Davis; never warned her of any performance problems during her employment; and never counseled her for any alleged behavioral issues.

19. In terminating her employment, Life Care did not inform Davis that she was being chosen for lay-off because of any alleged performance or behavioral issue. Yet, Life Care subsequently maintained that it selected Davis for lay-off after conducting an assessment of relative "performance and fit" pursuant to which Life Care concluded that Plaintiff had failed to respond favorably to counseling for alleged behavioral issues.

20. Plaintiff's age (67) is the real reason Life Care terminated her employment.

21. Life Care replaced Davis with an employee approximately thirty (30) years younger than Plaintiff.

### Count I - ADEA

22. Davis incorporates paragraphs 1 through 21 as though the same had been fully set forth herein.

23. Defendant terminated Davis because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

24. Defendant's violation of the ADEA was willful.

25. As a result of Life Care's discriminatory conduct, Davis has lost wages and benefits, in addition to suffering extreme emotional distress, embarrassment and humiliation.

WHEREFORE, Plaintiff demands judgment as follows:

a. That Defendant be ordered to reinstate Plaintiff into a suitable position, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered

3

        employment into a position substantially equivalent to the ones which Plaintiff was denied;

c.     That Defendant be required to provide Plaintiff with front pay and fringe benefits;

d.     That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages and benefits due and owing Plaintiff as provided by 29 U.S.C. §626(b) and 216(b);

e.     That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

f.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee; and

g.     That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/Joshua P. Geist*
**JOSHUA P. GEIST**
PA State Bar No. 85745
E-mail: josh@goodrichandgeist.com

**GOODRICH & GEIST, P.C.**
3634 California Avenue
Pittsburgh, Pennsylvania 15212
Telephone: (412) 837-8426

**LEWIS B. GARDNER**
PA State Bar No. 205312
E-mail: *lgardner@gfemploymentlaw.com*
**ROBERT W. FRANKHOUSER**
PA State Bar No. 205053
E-mail: *rfrankhouser@gfemploymentlaw.com*

**GARDNERFRANKHOUSER, LLP**
7418 Brighton Road, Suite 211
Pittsburgh, Pennsylvania 15202
Telephone: (412) 903-7720

4